HENG WANG & ASSOCIATES, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:   (212) 203-5231
Fax:   (212) 203-5237
heng.wang@wanggaolaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RHESHAD MIDDLETON, on behalf of himself
and all others similarly situated,

                              Plaintiff,

    -against-

ALAN KAUFMAN, MICHAEL CHU a/k/a MIKE CHU,
WILLIAM SUE, THE PICKLE GUYS, INC., and
DILLERS, INC.

                              Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION & CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff RHESHAD MIDDLETON ("Plaintiff"), by and through his undersigned attorneys, alleges as follows upon personal knowledge:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331 and 1337.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's claims under the laws of, respectively, the State of New York and the City of New York.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## **NATURE OF THE ACTION**

4. Plaintiff alleges on behalf of himself and on behalf of others similarly situated current and former employees of defendants that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., ("FLSA"), and the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provision of the FLSA by Defendants, that have deprived the Plaintiff and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) unpaid wages for hours worked but not paid for; (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et. seq.; (iv) pre-judgment interest; (v) post-judgment interest; (vi) statutory attorneys' fees and costs; and (vii) appropriate injunctive relief.

5. The Plaintiff also bring this action on behalf of himself and a class of similarly situated current and former employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the wage-and-hour provision of the New York Labor Laws ("NYLL") by Defendants, that have deprived the Plaintiff and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) unpaid wages for hours worked but not paid for; (iii) compensation for Defendants' violations of the Wage Theft Prevention Act ("WTPA"); (iv) pre-judgment interest; (v) statutory attorneys' fees and costs; and (vi) appropriate injunctive relief.

## **THE PARTIES**

6. The plaintiff is individual residing in the State of New York.

7. The Pickle Guys Inc. ("Pickle Guys") is an entity formed in the State of New York on March 25, 2002.

8. Pickle Guys operating a pickle store located at 357 Grand Street, New York, NY 10002.

9. Dillers, Inc. ("Dillers") is an entity formed in the State of New York on December 12, 2016.

10. Since its inception, Dillers had been operating a pickle business located at 357 Grand Street, New York, NY 10002.

11. Pickle Guys and Dillers (collectively, the "Corporate Defendants") are joint employers of the Plaintiff.

12. For instance, the employees would be required to perform work for both Corporate Defendants. Both Corporate Defendants have also issued pay checks to the same group of employees.

13. Alan Kaufman is the owner of both Corporate Defendants.

14. Alan Kaufman manages and oversees the operations of the Corporate Defendants.

15. William Sue is the manager involved in the management of Corporate Defendants. As a manager, he supervised the workers in general during the plaintiff's employment. He is responsible for, among other things, overlooking employees' work schedules, compensation, and defendants' pay and recordkeeping practices.

16. Michael Chu a/k/a Mike Chu is the manager involved in the management of the Corporate Defendants. As a manager, he supervised the workers in general during the plaintiff's employment. He is responsible for, among other things, overlooking employees' work schedules, compensation, and defendants' pay and recordkeeping practices.

17. All individual defendants, to wit, Alan Kaufman, William Sue, and Mike Chu, should be held personally liable.

## **PLAINTIFF'S FACTUAL ALLEGATIONS**

18. Plaintiff Rheshad Middleton ("Middleton") has been employed by defendants from August 17, 2017 to October 2, 2019.

19. The work performed by Middleton included among other things, manual work at the store to make pickles, and delivery work for the defendants.

20. He was paid a fixed weekly salary regardless of the number of hours worked.

21. Middleton received his compensation in both checks and cash.

22. He worked 5 to 7 days a week from 8:30 am to 6:30 pm for 10 hours per day. Attached hereto as **Exhibit A** is sample work calendars.

23. Defendants engaged in fraudulent wage and hour practices by creating a set of records purportedly showing the hours worked by the workers, which however do not reflect the actual hours worked by the workers.

24. At all relevant times herein, plaintiff was an employee engaged in commerce and/or in the transfer of goods for commerce, as defined in the FLSA and its implementing regulations.

25. At all relevant times herein, the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations required defendants to pay the plaintiff overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours per week.

26. Defendants willfully failed to pay each plaintiff overtime pay for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

27. Defendants refused to provide the plaintiff written notice of their regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

28. Defendants failed to provide the plaintiff with accurate paystubs and W-2s as required by state and federal law.

29. By the conduct described in this Complaint, Defendants have willfully committed widespread violations of the Fair Labor Standards Act and the New York Labor Law by failing to pay its employee, including the Plaintiff, proper overtime wages as required by law.

## CLASS AND COLLECTIVE ALLEGATIONS

30. The Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who work or have worked for the defendants who elect to opt in to this action (the "FLSA Collective").

31. The defendants are liable under the FLSA for, inter alia, failing to properly compensate the Plaintiff, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

32. Plaintiff also brings this action on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedures.

33. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

34. The claims of Plaintiff are typical of the claims of the Rule 23 Class.

35. The Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

36. The claims of the Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. The Plaintiff and the Rule 23 Class work or have worked for Defendants in its business and have not been paid proper wages for the hours that they have worked. Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

37. The Plaintiff has retained counsel competent and experienced in labor and employment litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to expense and burden of individual prosecution of this

litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment against Defendants' practices.

39. It has been Defendants' persistent policy, pattern and practice to fail to pay its employees proper wages as required by law.

40. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law. This pattern and practice include but is not limited to:

    (a) Willfully failing to accurately record all of the time that its employees, including the Plaintiff and the Class Members, have worked for the benefit of the Defendants;

    (b) Willfully failing to keep accurate employment records as required by the FLSA and the NYLL;

    (c) Willfully failing to pay its employees, including the Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week;

    (d) Willfully failing to meet the notice requirements and the statement requirements under the WTPA;

41. Defendants' unlawful conduct has been widespread, repeated and consistent.

**COUNT I**
**Overtime Wages Under the Fair Labor Standards Act**
**(Brought on Behalf of the Plaintiff and the FLSA Collective)**

42. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

43. The defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

44. Plaintiff has consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

45. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiff was entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of the plaintiff.

48. By reason of defendants' FLSA violations, the plaintiff and the FLSA Collective are entitled to recover from defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

### COUNT II
**Overtime Wage Under The New York Labor Law**
**(Brought on Behalf of the Plaintiff and all Rule 23 Class Members)**

49. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

50. At all relevant times, defendants employed plaintiff and the Rule 23 Class member within the meaning of the New York Labor Law §§ 2 and 651.

51. Defendants willfully violated plaintiff and the Rule 23 Class members' rights by failing to pay them overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times their regular rate of pay to which the plaintiff was entitled under New York Labor Law 652, in violation of 12 N.Y.C.C.R.R. 142-2.2.

52. Defendants' failure to pay overtime was willful within the meaning of New York labor Law § 663 and supporting regulations.

53. By reason of defendants' violations of New York Labor Law, plaintiff and the Rule 23 Class member are entitled to recover from defendants their unpaid overtime wages and an amount equal to one quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York labor Law 198, all in an amount to be determined at trial.

**COUNT III**
**Unpaid Wages Under The Fair Labor Standards Act**
**(Brought on Behalf of the Plaintiff and the FLSA Collective)**

54. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

55. Defendants willfully failed to pay Plaintiffs and the FLSA Collective wages for hours worked in violation of 29 U.S.C. §206(a).

56. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### COUNT IV
### Unpaid Wages Under The New York Labor Law
### (Brought on Behalf of the Plaintiff and all Rule 23 Class Members)

57. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

58. At all times relevant to this action, Plaintiffs and the Rule 23 Class Members were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

59. Defendants failed to pay Plaintiffs and the Class Members wages for hours worked in violation of New York Labor Law Article 6.

60. Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well reasonable attorney's fees and costs of the action, including interest in accordance with New York Labor Law §198(1-a).

### COUNT V
### Wage Theft Prevention Act Under The New York Labor Law
### (Brought on Behalf of the Plaintiff and all Rule 23 Class Members)

61. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

62. At all relevant times, defendants employed the plaintiff and the Rule 23 Class Members within the meaning of the New York Labor Law §§ 2 and 651.

63. Defendants willfully violated the plaintiff and the Rule 23 Class members' rights by failing to provide each of them with the notices as required by the Wage Theft Prevention Act.

64. Defendants willfully violated the plaintiff and the Rule 23 Class members' rights by failing to provide each of them with wage statements as required by the Wage Theft Prevention Act.

65. Due to defendants' New York Labor Law violations, the plaintiff and the Rule 23 Class members are entitled to recover statutory damages pursuant to the WTPA.

### COUNT VI
### Unpaid minimum wage Under The New York Labor Law
### (Brought on Behalf of the Plaintiff and all Rule 23 Class Members)

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. At all relevant times, Plaintiff and Rule 23 Class Members were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§190-199, 652 and their regulations.

69. Due to defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from defendants his unpaid compensation, liquidated damages, interest,

reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law§ 198, and§ 663(1).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issues such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B. Certification of this case as a collective action pursuant to the FLSA;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Representative Plaintiffs as representatives of the Rule 23 Class, and counsel of records as Class Counsel;

E. Issuance of a declaratory judgment that the practice complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

F.  Unpaid wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

G.  Unpaid wages, and an additional and equal amount as liquidated damages pursuant to New York Labor Law and the supporting New York State Department of Labor regulations, unless the state law claims are certified as a class action;

H.  An award of damages for Defendants' failure to provide the required notices and statements under the Wage Theft Prevention Act;

I.  Pre-judgment interest;

J.  Post-judgment interest;

K.  Attorneys' fees and costs of the action; and

L.  Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
October 23, 2019

/s/ Heng Wang_____
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:   (212) 203-5231
Fax:   (212) 203-5237
heng.wang@wanggaolaw.com

*Attorneys for Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

13

**NOTICE OF INTENTION TO ENFORCE**
**SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

To: Alan Kaufman, Michael Chu a/k/a Mike Chu, and William Sue

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of THE PICKLE GUYS, INC. and DILLERS, INC. for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: October 23, 2019
       New York, NY

/s/ Heng Wang
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:    (212) 203-5231
Fax:    (212) 203-5237
heng.wang@wanggaolaw.com

*Attorneys for Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

To:  THE PICKLE GUYS, INC.
     DILLERS, INC.

PLEASE TAKE NOTICE THAT the plaintiff and others similarly situated as employees of the above corporation and LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation and LLC for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: October 23, 2019

/s/ Heng Wang
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:   (212) 203-5231
Fax:   (212) 203-5237
heng.wang@wanggaolaw.com

*Attorneys for Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

# EXHIBIT A

## **CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT**

I consent to be a plaintiff in the instant lawsuit to collect unpaid wages under the Fair Labor Standards Act and the applicable state laws.

Dated: 10/09/2019

_Rheshad Middleton_
Rheshad Middleton