305 Broadway, Suite 1000
New York, NY 10007
Telephone: (212) 203-5231
Facsimile:  (212) 203-5237

*Knowledge, Focus, Expertise*

**HENG WANG & ASSOCIATES P.C.**

March 5, 2020

<u>VIA ECF</u>
Honorable Judge George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Joint Letter Motion Requesting Court Approval of Settlement Agreement
      *Middleton v. Alan Kaufman, et al., 19-cv-09830(S.D.N.Y.)*

Dear Judge George B. Daniels:

The Parties write jointly to report that parties have come to an agreement on settling this matter. Attached as **EXHIBIT A** is a copy of the Settlement Agreement.

### I. Background

Plaintiff Rheshad Middleton ("Plaintiff") alleges that he was employed by Defendants The Pickle Guys, Inc., Dillers, Inc., Alan Kaufman, Michael Chu a/k/a Mike Chu and William Soo a/k/a William Sue. (Collectively, "Defendants") from August 17, 2017, to October 2, 2019.

This lawsuit was originally filed on October 24, 2019, for alleged violations of the Fair Labor Standards Act ("FLSA"), Wage Theft Prevention Act ("WTPA"), and the New York Labor Law. ("NYLL"). On December 12, 2019, the Plaintiff filed an Amended Complaint. Plaintiff alleged that pursuant to the FLSA; he is entitled to recover from the Defendants, among other things, (1) unpaid overtime wages, (2) unpaid wages, (3) unpaid minimum wages (4) liquidated damages, (5) prejudgment and post-judgment interest, (6) punitive damages, and (7) attorneys' fees and costs.

The parties attended a mediation session and reached a settlement agreement on January 27, 2020.

### II. The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the total sum of Fifty Thousand Dollars ($50,000.00) (inclusive of Plaintiff's legal fees and costs) is fair and the proposed

settlement agreement should be approved. The parties reasonably assessed that exchanging extensive documents, taking depositions, and expending hours of attorney time analyzing to determine calculations with precision was, on balance, less preferable than settling for a reasonable amount. This settlement was the result of a mediation session and an arms'-length bargaining between experienced counsels.

In this context, we note that the litigation risks faced by the parties are substantial. The Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one-half times the regular rate for overtime hours. During the parties' prior settlement negotiation, the Defendants asserted the Faithless Servant Doctrine as a defense, and claimed that they may file a separate lawsuit largely based on this doctrine with the state court. Although the Plaintiff vigorously disputes the Defendants' position, this issue would require the parties' substantial efforts to litigate, not to mention the inherent risk in litigation. If this settlement agreement does not go through, then the parties may go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the severe risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues, and the Court's approval of this settlement agreement would be appropriate.

While the Second Circuit's ruling in Cheeks did not outline the factors for approving a settlement, certain red-flag issues were identified, such as confidentiality, overly broad release, and attorneys' fees over 40% without adequate documentation. Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015). This Agreement contains none of these factors would preclude approval of this settlement. First, there is no confidentiality provision in the Agreement. Second, the Plaintiff's release in this case is limited to his claims under the FLSA and the NYLL. Third, attorneys' fees requested are not over 40% of the net recovery. Fourth, the Agreement contains no restriction on Plaintiffs' counsel's ability to represent other individuals. Fifth, the settlement was not entered into on the basis of Plaintiffs' economic desperation; however, the parties are mindful that the employer is a small business.

The Court is familiar with FLSA litigation, where the vast majority of the cases are settled. In this FLSA matter where the Plaintiff was a blue-collar worker that worked for the Defendants for about two (2) years, the $50,000.00 settlement falls within the range of reasonableness in light of the best possible recovery and the risks of litigation and collection and therefore should be approved.

### III. The Attorneys Fees are Fair and Reasonable

The Defendant will make a lump sum payment of Fifty Thousand Dollars ($50,000.00), including the attorney's fees and costs. Pursuant to the contingency retainer agreement with the Plaintiff, the Plaintiff's counsel is entitled to 40% of the net recovery, or statutory attorney's fees, whichever is greater. Pursuant to the Plaintiff's counsel's billing records (**EXHIBIT B**), the attorney's fees incurred amounted to $34,920.00 as of

February 17, 2020, when the settlement agreement was nearly finalized. The work performed by Plaintiffs' counsel also included substantial efforts made in connection with Defendants Faithless Servant claim, which is also a defense in this case, set forth in a draft of a Complaint that the Defendants said they may file with the state court. The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of $1,109.18.  The attorney's fees and costs incurred in connection with this complex dispute, as of February 17, 2020, amounted to $36,029.18 in total. However, the Plaintiff's counsel requests an award of only $19,556.33 as attorney's fees.

      The Plaintiff's counsel's fees are fair and reasonable, given the time spent by the Plaintiffs' counsel and the complexity of this dispute. Such work includes interviewing the Plaintiff, investigating extensive factual information, preparing a Complaint and Amended Complaint, preparing damages calculations, conducting legal research, producing evidence, analyzing a substantial amount of evidence produced by the Defendants, attending mediation, negotiating with Defendants' counsel, preparing and revising the settlement agreement, and preparing this submission. The billing records also reflect extensive and numerous rounds of communication with the client to update case status and discuss case facts, strategy, and settlement. The legal work on behalf of the Plaintiff was primarily handled by Heng Wang, Esq., the founding partner of Heng Wang & Associates, P.C. Mr. Wang has extensive experience in handling FLSA litigation, and have repeatedly obtained large recovery in FLSA litigation and received praises of the court for his skillful and effective handling of cases. For instance, the Honorable Jack B. Weinstein regarded Mr. Wang as a "a highly skilled attorney" and "had a fine understanding of the labor law involved." Further, the attorney's fees requested are substantially less than the amount pursuant to a lodestar analysis, and thus should be approved.

      For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| Wang, Gao & Associates, PC.<br>*Attorneys for Plaintiff* | Milman Labuda Law Group PLLC<br>*Attorneys for Defendants* |
| /s/ Heng Wang<br>By Heng Wang, Esq.<br>305 Broadway Suite 1000<br>New York, NY 10007 | /s/ Matthew A. Brown<br>By Matthew A. Brown, Esq.<br>3000 Marcus Avenue<br>Lake Success, NY 11042 |